IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BOE KEENAN,                          )
                                     )        Crim. Action No. 15-226
            Petitioner,              )
                                     )        Related to:  Civil Action No. 21-1055
            v.                       )
                                     )        Judge Cathy Bissoon
UNITED STATES OF AMERICA,            )
                                     )
            Respondent.              )

## MEMORANDUM ORDER

Pending before the Court is Petitioner's Motion to Vacate, Set Aside or Correct a

Sentence pursuant to 28 U.S.C. § 2255 ("Motion") (Doc. 85) filed at Criminal Action No. 15-226

and at Civil Action No. 21-1055.[1]  For the reasons stated by the Government in opposition

("Response") (Doc. 91), which are incorporated by reference herein, the Motion will be denied.

**BACKGROUND**

The Court writes exclusively for the parties and therefore sets forth only those facts that

are necessary to the disposition of Petitioner's Motion.

On October 27, 2015, Petitioner was charged with one count of robbery, in violation of

18 U.S.C. § 2113(a).  Doc. 1.  On February 9, 2017, Petitioner pleaded guilty to that charge.

Doc. 49.  Petitioner was sentenced to 151 months imprisonment with credit for time served and 3

years supervised release.  Doc. 66.  Petitioner was sentenced as a career offender under U.S.S.G.

§ 4B1.1 due to two prior convictions: (1) his 2011 Pennsylvania conviction for aggravated

---

[1] Petitioner failed to timely file a statement of intent (pursuant to the Court's Order on the
Government's Motion at Doc. 89) and as such, the Government was ordered to respond to the
Petitioner's Motion as filed (Doc. 90).

assault with a deadly weapon and (2) his 2011 federal conviction for bank robbery by

intimidation.  Doc. 53 at ¶ 20.  Petitioner appealed his conviction and sentence, challenging the

Court's conclusion that the two predicate offenses were crimes of violence.  Doc. 70.  The Court

of Appeals for the Third Circuit found, however, that the Court had properly calculated

Petitioner's guideline range.  Doc. 82-1.

**ANALYSIS**

    I.   Need for Evidentiary Hearing

The Court need not hold an evidentiary hearing on a motion filed pursuant to 28 U.S.C.

§ 2255 if the record conclusively shows that the petitioner is not entitled to relief.  U.S. v. Ritter,

93 F. App'x 402 (3d Cir. 2004); 28 U.S.C § 2255.  Under this standard, a hearing is unnecessary

in this case.

    II.   Petitioner's Claims

Petitioner moves to vacate his sentence pursuant to 28 U.S.C. § 2255.  Such relief is

"generally available only in 'exceptional circumstances' to protect against a fundamental defect

which inherently results in a complete miscarriage of justice or an omission inconsistent with the

rudimentary demands of fair procedure."  United States v. Gordon, 979 F. Supp. 337, 339 (E.D.

Pa. 1997) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)).  Petitioner alleges that he is

no longer a career offender in light of the Supreme Court's opinion in United States v. Davis,

139 S. Ct. 2319 (2019).

First, as the government notes, Petitioner's motion is untimely.  Response at 4.  In

addition, the Court of Appeals for the Third Circuit has held that a challenge to a career offender

designation under the advisory Guidelines—which is Petitioner's contention here—is not

cognizable under § 2255.  Response at 4-6.  Last, and most importantly, United States v. Davis is

not applicable to Petitioner's case.  <u>Davis</u> held that the definition of a "crime of violence" in 18

U.S.C. § 924(c)(3)(B) is unconstitutionally vague.  Petitioner's crime of conviction and his

predicate offenses were not governed by 18 U.S.C. § 924.  As the Circuit noted on direct appeal,

his predicate offenses were crimes of violence, and <u>Davis</u> does not alter that analysis.  Doc. 82-1

at 3 n.2, 4 n.3.

       In sum, Petitioner's argument on the merits is not convincing, and the Petition (Doc. 85)

is DENIED.  No certificate of appealability will issue because jurists of reason would not find

the Court's conclusions debatable.  <u>See</u> <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).

       IT IS SO ORDERED.


April 18, 2022                          s\Cathy Bissoon       
                                       Cathy Bissoon
                                       United States District Judge


cc (via First-Class U.S. Mail):

Boe Keenan
USMS 32150-068
FCI Fairton
PO Box 420
Fairton, NJ 08320

cc (via ECF email notification):

All Counsel of Record